IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DWIGHT L. ALLEN,

    Plaintiff,

v.

SOUTHEAST GEORGIA HEALTH
SYSTEM; CAMDEN HEALTH CENTER;
JANE DOE, M.D.; CAMDEN COUNTY;
PRESTON RHOVES; KATHRIN ZELL;
STEPHEN BERRY; CHARLENE SEARS;
DAVID RAINER; STEPHEN KELLY,
District Attorney; DIANNE DODDS,
Assistant District Attorney; HARRIET
SIRMON, Detective; CITY OF ST. MARYS;
ROWLAND ESKRIDGE, Mayor; JERRY
LOCKHART; L. J. WILLIAMS; GARY
BLOUNT; BILL DELOUGHY; LARRY
JOHNSON; EULL WEAVER, City Council;
JOHN DOE, City Manager; Officer K.
JEFFERIES; Officer MURRAY, and
TIMOTHY HATCH, Chief of Police,

    Defendants.

CIVIL ACTION NO.: CV208-146

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently confined at the Glynn County Detention Center in Brunswick, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding

principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts he was arrested by the Nassau County, Florida, Sheriff's Department on behalf of the Camden County Sheriff's Department. Plaintiff contends the arrest warrant was not signed until the day after he was arrested. Plaintiff contends he was charged with rape, aggravated sodomy, false imprisonment, aggravated

stalking, and burglary. Plaintiff contends detectives and the District Attorney's Office knew the charges against him should have been dismissed.

Stephen Kelly and Dianna Dodds with the District Attorney's Office were named as Defendants. Prosecutors are immune from liability under the doctrine of prosecutorial immunity for actions taken within the scope of their office. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Prosecutorial immunity in § 1983 suits is derived from judicial immunity. Id. at 427. Policies supporting prosecutorial immunity include concerns "that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Id. As Plaintiff has not alleged that Defendants Kelly and Dodds acted outside the scope of their positions, Plaintiff cannot maintain a claim against these Defendants.

Plaintiff names Harriet Sirmon, the lead investigator, as a Defendant. Plaintiff names Officer K. Jefferies, Officer Murray, and Chief of Police Hatch as Defendants. Plaintiff also names Camden County as a Defendant. However, Plaintiff makes no factual allegations in his Complaint against these Defendants. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has failed to make any factual allegations against Defendants Sirmon, Jefferies, Murray, Hatch, and Camden County his claims against them should be dismissed.

Plaintiff names Preston Rhoves, Kathrin Zell, Stephen Berry, Charlene Sears, and David Rainer, who are Camden County Commissioners, as Defendants. Plaintiff also names Jerry Lockhart, L.J. Williams, Gary Blount, Bill Deloughy, Larry Johnson,

and Eull Weaver, city council members; John Doe, the City Manager; and Rowland Eskridge, the mayor, as Defendants. While local governments qualify as "persons" to whom section 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), county commissions and city councils, as mere arms of such governments, are not generally considered legal entities subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003). However, a county commission or city council can be held liable if its "official policy" causes a constitutional violation. Id. at 1329. Plaintiff has set forth no facts which indicate Defendants Rhoves, Zell, Berry, Sears, Rainer, Lockhart, Williams, Blount, Deloughy, Johnson, Weaver, Doe, or Eskridge had a policy in place which led to any alleged violations of his constitutional rights.

Finally, Plaintiff names Southeast Georgia Health System, Camden Health Center, and Jane Doe, M.D., as Defendants. According to Plaintiff, Defendant Jane Doe examined the alleged rape victim, and the examination revealed no evidence of rape. "In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000) (emphasis in original) (citation omitted). Plaintiff has not shown that Defendants Southeast Georgia Health System,

Camden Health Center, and Jane Doe were state actors at any time giving rise to his claims.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 9th day of February, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE