# In the United States District Court
## for the Southern District of Georgia
### Brunswick Division

DWIGHT L. ALLEN, : CIVIL ACTION

    Plaintiff, :

v. :

SOUTHEAST GEORGIA HEALTH :
SYSTEM, et al.,

    Defendants. NO. CV208-146

## O R D E R

Plaintiff, Dwight L. Allen, filed the above-captioned case against Defendants, Southeast Georgia Health System, a related entity and an individual doctor, and numerous local government officials in Camden County, Georgia. Allen asserted constitutional claims under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983. Allen also asserts state law claims for false imprisonment, false arrest, illegal detention, malicious prosecution, defamation, and "mental anguish." Plaintiff seeks punitive damages and lost wages.

The Magistrate Judge conducted a frivolity review pursuant to 28 U.S.C. § 1915A. The Magistrate Judge entered a report and recommendation, which suggested that Plaintiff's claims against all Defendants should be dismissed in their

entirety. Presently before the Court are Allen's objections to the report and recommendation. Because Allen's complaint did make factual allegations against Sirmon, Plaintiff's objection will be **SUSTAINED** in part. Because Allen's claims against Kelly, Dodds, Camden County, the Camden County Commissioners, the St. Marys City Council members, Mayor Eskridge, the City Manager, Officer Jefferies, Officer Murray, Southeast Georgia Health System, Camden Medical Center, and the medical doctor are not legally viable under the facts alleged in the complaint, Plaintiff's objection will be **OVERRULED** in part.

**BACKGROUND**

According to Plaintiff, on December 12, 2006, he was arrested in Florida and charged with several crimes that he did not commit. Allen was arrested by Florida law enforcement officers, at the behest of the Camden County Sheriff's Office, on charges of rape, aggravated sodomy, false imprisonment, aggravated stalking, and burglary. Thereafter, a Camden County Deputy Sheriff transported Allen to the Camden County Jail.

On December 13, 2006, a medical doctor at the Camden

2

Medical Center performed a "rape kit" on the alleged victim. The alleged victim told the lead investigator, Camden County Deputy Sheriff Harriet Sirmon, that there was a major struggle during the rape. However, the rape kit was negative and the pictures revealed no bruises or other evidence consistent with a struggle.

Nonetheless, on January 10, 2007, Allen was indicted on charges of rape and false imprisonment. Allen cooperated with Detective Sirmon, volunteered his DNA, waived his right to counsel, and spoke with investigators. Sirmon assured Allen that she would get to the bottom of the allegations in a timely manner. Sirmon told Allen that each time she interviewed the alleged victim, her story changed. According to Allen, the alleged victim testified falsely at a criminal jury trial involving Allen on August 29, 2007. That trial did not result in Allen's conviction.[1]

After the first trial, the District Attorney's office recommended that Allen take a plea deal, agree to leave the state for good, and all charges would be dropped against him in exchange. Allen refused the deal, and asserted that Sirmon had proof that he was not guilty, including the DNA

---

[1] The Court presumes there was a mistrial, although that fact is not clearly pled in the complaint.

results, rape kit results, pictures, written statements from the medical doctor's examination, and inconsistent statements from the alleged victim.

On March 31, 2008, the District Attorney's office tried to get Allen to sign a bond document that would send Plaintiff to Oklahoma to face felony bond jumping charges. Plaintiff contends that the District Attorney's office proposed this course even though Allen was set to face his accuser again, fourteen days thereafter, in court. At that time, Allen had been incarcerated for seventeen months on no bond. Two attorneys, Michael Perry and Michelle Hamilton, had been removed from the case for withholding key evidence from the jury at Plaintiff's first trial.

Although Allen refused to sign the bond document, he was still extradited to Oklahoma. Allen resolved the charges in Oklahoma, and was released by Oklahoma authorities on July 1, 2008. Allen informed the local prosecutor's office in Camden County that the Oklahoma case had been resolved, and that he was ready to return and face the charges pending against him in Georgia. The District Attorney's office avoided Allen, and told him to stay out of Georgia.

Plaintiff was unsatisfied having the charges hanging over his head, and obtained assistance from three separate

4

state legislators, Cecily Hill, Wallace Collins, and Donnie Anderson. Assistant District Attorney Dianne Dodds told all of these lawmakers that she was going to dismiss all charges against Allen, without prejudice, in January 2009.

Plaintiff complains that he remains incarcerated, now in the Glynn County Detention Center, for crimes he did not commit. Allen maintains that he was denied his Sixth Amendment right to a speedy trial. Plaintiff also asserts Fifth Amendment due process claims, Fourteenth Amendment equal protection claims, and Fourth Amendment illegal seizure claims. Allen further complains that he has been denied discovery in the state court proceedings, and that he has not been given access to any discovery at all.

Plaintiff asserts that local supervisory officials working for St. Marys, Georgia, Camden County, Georgia, and the Brunswick Judicial Circuit District Attorney, are liable for failing to supervise or properly train their subordinates. Plaintiff also maintains that Defendants violated their own policies and procedures.

Plaintiff asserts that the District Attorney's office, Southeast Georgia Health System, and detectives concealed exculpatory evidence and statements by trained professionals, and failed to follow established procedures to reveal this

5

evidence to him.

**STANDARD OF REVIEW**

A prisoner's complaint is frivolous under 28 U.S.C. 1915A "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). To warrant dismissal on this ground, a plaintiff's complaint must be based on "indisputably meritless" legal theories or the factual allegations must be "clearly baseless." Id. at 327.

The Rule 12(b)(6) standard applies to frivolity reviews of pro se prisoner complaints. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Under Federal Rule of Civil Procedure 8(a), a pleader must provide the opposing party with "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal on the ground that the plaintiff has failed to state a claim upon which relief can be granted. A motion under Rule 12(b)(6) attacks the legal sufficiency of the complaint. In essence, the movant says, "even if everything you allege is true, the law affords you no relief."

AO 72A
(Rev. 8/82)

Consequently, in determining the merits of a Rule 12(b)(6) motion, a court must assume that all of the factual allegations of the complaint are true, e.g., United States v. Gaubert, 499 U.S. 315, 327 (1991), and construe the averments in the light most favorable to the plaintiff, e.g., Sofarelli v. Pinellas County, 931 F.2d 718, 721 (11th Cir. 1991).

**DISCUSSION**

The report and recommendation stated that prosecutors are immune from liability under the doctrine of prosecutorial immunity for actions taken within the scope of their office. The report suggested that Plaintiff's claims against Brunswick Judicial Circuit District Attorney Stephen Kelly and Assistant District Attorney Dianne Dodds failed because Allen did not allege that either acted outside the scope of their position. The Court agrees that both Kelly and Dodds are entitled to absolute immunity for the conduct and/or omissions raised in Plaintiff's pleading.

State prosecutors are entitled to absolute immunity for their conduct "in initiating a prosecution and in presenting the State's case[.]" Imbler v. Pachtman, 424 U.S.

7

409, 431 (1976). In contrast, prosecutors have only qualified immunity when they are acting in an administrative or investigatory capacity. Buckley v. Fitzsimmons, 509 U.S. 259, 272-76 (1993); see Burns v. Reed, 500 U.S. 478, 495-96 (1991)(a prosecutor's act of giving legal advice to the police is entitled to qualified immunity only).

A prosecutor is absolutely immune from suit against alleged violations of a right to a speedy trial. Tarter v. Hury, 646 F.2d 1010, 1012 (5th Cir. June 1981).[2] A prosecutor has absolutely immunity for conduct relating to the extradition process as well, because that is also related to her "judicial function." Ross v. Meagan, 638 F.2d 646, 648-49 (3d Cir. 1981). Likewise, a prosecutor's plea bargaining conduct is a judicial function entitled to absolute immunity. Humble v. Foreman, 563 F.2d 780, 781 (5th Cir. 1977), overruled on other grounds by Sparks v. Duval County Ranch Co., 604 F.2d 976, 978 (5th Cir. 1979). Absolute immunity applies "even where the prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information, or failed to make full disclosure

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

8

of all facts. . . ." Prince v. Wallace, 568 F.2d 1176, 1178-79 (5th Cir. 1978).

The report found that dismissal was warranted as to the claims made against Sirmon, Officer Jefferies, Officer Murray, Chief of Police Hatch, and Camden County because the complaint made no factual allegations against these Defendants. The Court has reviewed Allen's complaint and agrees with that conclusion as to Defendants Jefferies and Murray. With respect to the allegations against Camden County, the Court will address the viability of Allen's claims against it below.

The Court recognizes that Allen did set forth certain vague and conclusory averments against St. Marys Police Chief Hatch. Plaintiff averred that the supervisory officials working for St. Marys were liable for failing to supervise or properly train their subordinates. However, Allen failed to explain how any St. Mary's officials had any responsibility for the conduct complained about in Allen's complaint. For that reason, the claim against Hatch is due to be dismissed.

In contrast, the Court finds that Allen's complaint is replete with suggestions of supposed wrongdoing by Sirmon; according to Allen, she is either the main wrongdoer or close

9

to it. The Court expresses no view on the merits of those allegations, or whether any of Sirmon's conduct is otherwise actionable. Sirmon may be entitled to prevail based on the defense of qualified immunity. The Court only finds that the prisoner's complaint is not obviously frivolous for the reason set forth in the report and recommendation.

The report recommended that Allen's claims against the Camden County Commissioners (Rhoves, Zell, Berry, Sears, and Rainer), the St. Marys City Council members (Lockhart, Williams, Blount, Deloughy, Johnson, and Weaver), Mayor Eskridge, and the City Manager be dismissed because Plaintiff did not plead any facts suggesting that any of these policymakers set a policy leading to the alleged deprivations experienced by Allen.

Yet, Plaintiff did state that these supervisory officials were responsible for failing to supervise or properly train their subordinates. The Court need not decide, however, whether such allegations are sufficiently detailed and particular to allow Allen's claims to go forward. See Dalrymple v. Reno, 334 F.3d 991, 996 (11th Cir. 2003)(imposing a heightened pleading requirement with respect to § 1983 claims where qualified immunity could apply); Gene Martin Auto Sales, Inc. v. Davis, 2008 U.S. Dist. LEXIS 36687

10

at *8-*13 & n.4 (M.D. Ala. May 5, 2008)(citing cases questioning such a requirement).

The Court may sidestep this question because, under the Eleventh Circuit's decision in Grech v. Clayton County, the Sheriff is responsible for the law enforcement conduct of his deputies, not the local government, or the local officials, where the Sheriff is located. 335 F.3d 1326, 1330-1344 (2003)(interpreting federal and Georgia law). "In Georgia, a county has no authority and control over the sheriff's law enforcement function." Id. at 1347. Local governments, and their policymakers, may only be liable under § 1983 when an official policy, custom, or practice of those entities or decision makers, causes the injury or deprivation at issue. Id. at 1329. Accordingly, it was proper to dismiss the claims against Camden County and these local government officials.

The report also found that Allen's claims against Southeast Georgia Health System, Camden Medical Center, and the medical doctor that examined the alleged rape victim were not viable because Plaintiff "ha[d] not shown" that these Defendants were state actors during the relevant time period. Dkt. No. 11 at 4-5.

To act 'under color of' state law for § 1983 purposes

does not require that the Defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27-28 (1980)(quoting Adickes v. S. H. Kress & Co., 398 U.S. 144, 152 (1970)).

> Previously, this circuit set forth the three primary tests the Supreme Court has used to determine whether state action exists: (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. . . . The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." . . . The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." . . . The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." . . . We must determine on a case-by-case basis whether sufficient state action is present from a non-state actor (defendant) to sustain a section 1983 claim.

Willis v. Univ. Health Servs., Inc., 993 F.2d 837, 840 (11th Cir. 1993)(footnote, internally cited and quoted sources omitted).

At best, Allen's complaint implies that these private actors were engaged in a conspiracy with state actors to deprive him of certain of his constitutional rights. Plaintiff never explicitly states as much. Such conclusory

12

allegations fail to state a § 1983 conspiracy claim, absent supporting operative facts establishing an agreement between defendants and a common plan to put the agreement into action. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

Allen's complaint fails to plausibly suggest that the respective private and state actors "reached an understanding" to violate his rights. Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992). "For purposes of 42 U.S.C. § 1983, the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons." Id. Because Allen has failed to offer such detailed allegations, the Court concurs that dismissal of the claims against Southeast Georgia Health System, Camden Medical Center, and the medical doctor is appropriate.

**CONCLUSION**

For the reasons explained above, Allen's objection is **SUSTAINED** in part, and **OVERRULED** in part. Dkt. No. 14. Allen's claims against Sirmon should not be dismissed for failure to make any factual allegations against her. Yet,

13

Plaintiff's claims against Kelly, Dodds, Camden County, the Camden County Commissioners (Rhoves, Zell, Berry, Sears, and Rainer), St. Marys City Council members (Lockhart, Williams, Blount, Deloughy, Johnson, and Weaver), Mayor Eskridge, and the City Manager are **DISMISSED** with prejudice.

Allen's claims against Officers Jefferies and Murray, and the private actors, Southeast Georgia Health System, Camden Medical Center, and the medical doctor, are **DISMISSED** without prejudice.

**SO ORDERED**, this  9th  day of April, 2009.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)