# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

DWIGHT L. ALLEN,

    Plaintiff,

v.

HARRIET SIRMON, Detective,

    Defendant.

CIVIL ACTION NO.: CV208-146

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Hancock State Prison in Sparta, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Defendant Harriet Sirmon ("Defendant") filed a Motion for Summary Judgment, to which Plaintiff filed a Response. Defendant filed a Reply. For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that he was arrested in Florida at the request of the Camden County, Georgia, Sheriff's Department and charged with several crimes he did not commit. Plaintiff contends that Defendant, the lead investigator, knew he did not commit the crimes for which he was charged, and that she had proof that he was not guilty. Plaintiff asserts that his Sixth Amendment right to a speedy trial, his Fifth Amendment right to due process, his Fourteenth Amendment right to equal protection of the law, and his Fourth Amendment right against illegal seizure were violated.

AO 72A
(Rev. 8/82)

Defendant contends that Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Defendant also contends that Plaintiff's Fifth, Sixth, and equal protection claims fail as a matter of law.

## STANDARD OF REVIEW

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge her burden by showing that the record

2

lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Defendant contends giving credence to Plaintiff's claims would be to undermine his underlying convictions. Thus, Defendant asserts, Plaintiff's claims are barred by Heck.

Plaintiff asserts that Nassau County, Florida, Sheriff's Deputies arrested him based on warrants which Defendant fabricated and that his arrest was not supported by probable cause. Plaintiff alleges that the alleged victim gave Defendant an account of events which was different that the account the victim gave to the responding officer. Plaintiff also alleges that there was no evidence to support the account the alleged victim gave to Defendant, either on the victim's body or at the alleged scene of the crime. Plaintiff further alleges that Defendant used an illegally recorded telephone conversation between him and the alleged victim, in which there was no mention of a crime having been committed, as supporting evidence in her application for a search warrant. Plaintiff avers that he remains incarcerated for crimes he did not commit.

The Supreme Court has held:

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal

3

court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). According to the Heck Court, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487. If this is the case, the plaintiff's complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. A district court must determine whether "plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id. (emphasis in original).

In her affidavit supporting her applications for arrest warrants against Plaintiff, Defendant stated:

> On December 12, 2006[,] I responded to Southeast Georgia Health System, Camden Campus in reference to a report of a rape that had occurred at 107 Baltic Court, St. Marys, Georgia. The victim states that she and her daughter were sleeping in the victims (sic) bedroom when between 01:00 and 01:15 she was awaken by a nudge to the shoulder. The victim then saw the suspect Dwight Ladon Allen standing next to the bed with the suspect stating 'you should lock your doors.' The victim asked S/Allen 'what are you doing'[,] to which he replied for her to 'come in here' meaning the living room. Not wanting to wake her daughter up the victim got up and went into the living room with S/Allen. Once in the living room the victim ask S/Allen to leave[,] to which he responded 'no', then the suspect ask the victim if she was going to call the police and she responded by saying yes, why don't you just leave. S/Allen told the victim I just want to talk to you, stating that 'I see a friend comes over to your house, are you seeing him (meaning her current boyfriend) to which the victim stated 'were (sic) just friends.' The suspect then told the victim that he still loved her and stated how easy it was for her to move on and that he could not leave her alone. S/Allen then tried to give her $500.00 cash and the victim refused to take any money from him which made him mad.

AO 72A
(Rev. 8/82)

S/Allen was told to leave again by the victim, S/Allen told the victim to stand up, the victim responded by telling S/Allen 'you just really need to leave, what if Peyton (their daughter) wakes up she'll be really scared', at that time S/Allen grabbed the victim by the arms pushing and forcing her into her daughters (sic) bedroom, locking the door behind him and standing in front of the bedroom door so she could not get out. S/Allen again pulled money from his pocket trying to give the money to the victim, with her refusing to take the money.

As S/Allen was taking the money out of his pocket he told the victim 'I want to be with you one last time.' The victim began to cry telling S/Allen 'no, I just want you to leave.' S/Allen responded by stating 'it's because of that guy.' The victim attempted to walk past S/Allen who was standing in front of the bedroom door in an attempt to get away from the suspect, when S/Allen grabbed her by the arms again, then ripping her pajama bottoms off with one hand while holding her with the other pushing her down on the floor of the bedroom. S/Allen ignored her pleas for him to stop and leave, and in an attempt to defend herself the victim hit S/Allen in the face with her fist. S/Allen told the victim 'don't do that again', after which he placed his forearm across her face to hold her down. S/Allen then forced her legs apart and penetrated her vagina with his penis. After penetration S/Allen stopped and told the victim he was going to perform oral sex on her and stated to her 'I know it grosses you out', as he was performing oral sex, the victim attempted to kick him in the face with her foot at which time he stopped the oral sex and penetrated her again. When S/Allen ejaculated he got up pulling up his pants and stated to the victim to go ahead and call 911, he has been reading Georgia law and known that he can be put away for ever and then S/Allen left through the front door.

S/Allen has been issued a Pretrial Bond conditions on two counts of Aggravated Stalking, Terroristic Threats, Criminal Damage to Property, and Simple Battery FVA, by Superior Court Judge Amanda Williams, with special conditions that he is to have no Contact with the victim [. . .] and also not to enter the State of Georgia for any purpose except required court appearances involving the specific cases listed above and that S/Allen must notify the Superior Court of Camden County and the Camden County Sheriff's Department prior to entering the State of Georgia for court appearances.[1]

---

[1] On August 23, 2006, Superior Court Judge Amanda Williams entered a Pretrial Bond in Case Number 2006CR244 in which Plaintiff was charged with two (2) counts of aggravated stalking and one (1) count of making terroristic threats. As special conditions of Plaintiff's release on bond, he was to have no contact or attempted contact with the victim, he was to leave the State of Georgia, and he was not to enter the State of Georgia for any reason, other than for required court appearances, and had to notify the Camden County Sheriff's Department and the court before entering the State. (Doc. No. 28, p. 26).

AO 72A
(Rev. 8/82)

Evidence obtained from the scene at 107 Baltic Court and rape kit done at Southeast Health System, Camden Campus.

(Doc. No. 28, pp. 13-14, 24-25).

Defendant was able to obtain warrants for Plaintiff's arrest for aggravated stalking, burglary, and false imprisonment based on the facts set forth in her affidavit supporting her application for arrest warrants, as well as the statements the victim provided. (Doc. No. 28, pp. 2-3, ¶ 6). Defendant states that Plaintiff contacted the victim by telephonic means on December 12, 2006, and the victim recorded the conversation. Defendant declares that, based on the recording and through information received during her interview of the victim, she was able to obtain additional arrest warrants against Plaintiff for rape and aggravated sodomy. (Id. at ¶ 8). Plaintiff was later indicted for: making terroristic threats, in violation of O.C.G.A. § 16-11-37; false imprisonment, in violation of O.C.G.A. § 16-5-41[2] (two counts); aggravated stalking, in violation of O.C.G.A. § 16-5-91[3] (seven counts); rape, in violation of O.C.G.A. § 16-6-1[4]; and burglary, in violation of O.C.G.A. § 16-7-1[5]. (Doc. No. 24-5, p. 8). Plaintiff was

---

[2] O.C.G.A. § 16-5-41 provides in relevant part: (a) A person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority.

[3] O.C.G.A. § 16-5-91 provides in relevant part: (a) A person commits the offense of aggravated stalking when such person, in violation of a bond to keep the peace posted pursuant to Code Section 17-6-110, temporary restraining order, temporary protective order, permanent restraining order, permanent protective order, preliminary injunction, good behavior bond, or permanent injunction or condition of pretrial release, condition of probation, or condition of parole in effect prohibiting the behavior described in this subsection, follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person.

[4] O.C.G.A. § 16-6-1 provides in relevant part: (a) A person commits the offense of rape when he has carnal knowledge of: (1) A female forcibly and against her will.

[5] O.C.G.A. § 16-7-1 provides in relevant part:(a) A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use

AO 72A
(Rev. 8/82)

convicted on all counts and was sentenced to life imprisonment, plus 45 years to run consecutively. (Doc. No. 24-3, pp. 2-4; Doc. No. 24-4, pp. 2-13).

There was ample evidence supporting the issuance of the arrest warrants against Plaintiff, as well as a jury's findings of guilt on each charge. To believe Plaintiff's version of events would be to invalidate his convictions, and, thus, he cannot sustain a § 1983 claim against Defendant. Rather, Plaintiff's claims would be more appropriately addressed via a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, after he has exhausted his state court remedies. Additionally, Plaintiff sets forth absolutely no evidence which reveals there to be a genuine issue of material fact.[6]

It is unnecessary to address the remaining grounds of Defendant's Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 6th day of August, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

[6] In addition to the other evidence Defendant submitted in support of her Motion, Defendant submitted a copy of the Official Report from the Georgia Bureau of Investigation, Division of Forensic Sciences. The DNA analysis conducted on two (2) tubes of blood from Plaintiff revealed "[w]ith a reasonable scientific certainty it can be concluded that the DNA obtained from the . . . swabs . . . which match[ ] Dwight Allen originated from him or his identical sibling." (Doc. No. 28, p. 36).

AO 72A
(Rev. 8/82)